IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAQUANNA GARRAWAY, Administrator of the Estate of CHANDA GARRAWAY, Deceased, and Individually as the Legal Guardian and Next Friend of D.G., a minor, and C.G., a minor,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>RIU HOTELS SA, RIUTEL BEACH, INC, 741 EIGHTH AVENUE OWNERS, LLC, and JOHN DOE COMPANY, Whose True Name is Unknown to Plaintiff,<br><br>　　　　　　　Defendants. | 1:16-cv-2830-WSD |

**OPINION AND ORDER**

On August 3, 2016, Plaintiffs Laquanna Garray, D.G., and C.G. (together, "Plaintiffs") filed their Complaint [1], alleging claims of negligence and wrongful death, among other state law claims.

Plaintiffs assert that the Court has diversity jurisdiction under 28 U.S.C. § 1332.  (Compl. ¶ 7).  Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006).

The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). In this case, Plaintiffs' Complaint raises only questions of state law and the Court only could have diversity jurisdiction over this matter.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C § 1332(a). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994). "Citizenship for diversity purposes is determined at the time the suit is filed." MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005). "The burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff." King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)). A limited liability company, unlike a corporation, is a citizen of any state of which one of its members is a citizen, not of the state where the company was formed or

has it principal office.  See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).  "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company . . . ."  Id.  To show citizenship, "[r]esidence alone is not enough."  Travaglio v. Am. Express Co., 735 F.3d 1266, 1269 (11th Cir. 2013).  For United States citizens, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "domicile requires both residence in a state and 'an intention to remain there indefinitely.'"  Id. (quoting McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)).

      The Complaint fails to properly allege the citizenship of Plaintiffs.  It states only that all Plaintiffs "are citizens of the State of Georgia."  (Compl. ¶ 7).  Plaintiffs are required to state the citizenship of each individual plaintiff.  The Complaint also fails to properly allege the citizenship of Defendants.  It alleges Defendant Riu Hotels SA is "a corporation based in Spain, doing business around the world . . . ."  (Id. ¶ 3).  A corporation is a citizen of the state in which it is incorporated and the state in which its principal place of business is located.  See Rolling Greens, 374 F.3d at 1022.  Plaintiffs' allegation does not clearly identify the location in which Riu Hotels SA is incorporated or where it maintains its principal place of business.  Plaintiffs' allegations regarding Defendant Riutel

Beach, Inc. also are inadequate to establish its citizenship.  Plaintiff alleges that Riutel Beach, Inc. is "a Florida corporation and subsidiary of Riu Hotels SA, owning property in the United States . . . ."  (Compl. ¶ 4).  This allegation fails to identify Riutel Beach, Inc.'s principal place of business.

Plaintiff also fails to allege the citizenship of Defendant 741 Eighth Avenue Owners, LLC (the "LLC").  Plaintiff alleges that the LLC "is a New York corporation and subsidiary of Riu Hotels SA, owning property in the United States . . . ."  (Id. ¶ 5).  A limited liability company, unlike a corporation, is a citizen of any state of which one of its members is a citizen, not of the state where the company was formed or has it principal office.  See Rolling Greens, 374 F.3d at 1022.  The Court also notes that Defendant John Doe Company does not appear to be a proper party to this action.  Fictitious party pleading is not permitted in federal court, unless the description of the fictitious defendants "is so specific as to be at the very worst, surplusage."  Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (internal quotation marks omitted).[1]

To determine whether the Court has jurisdiction over this action, the Complaint must allege more specific information regarding the citizenship of the

---

[1] Plaintiffs allege the John Doe Company "is or may be co-owner of Riu Palace Tropical Bay, Negril, Jamaica."  (Compl. ¶ 6).  If Plaintiff identifies a co-owner entity, it may move to amend its Complaint to add the entity as a defendant.

4

parties. Accordingly, Plaintiffs are required to file an amended complaint properly alleging the citizenship of each party. The Court notes it is required to dismiss this action unless Plaintiffs provide the required supplement alleging sufficient facts to show the Court's jurisdiction. See Travaglio, 735 F.3d at 1268-69 (district court must dismiss an action for lack of subject matter jurisdiction unless the pleadings or record evidence establish jurisdiction).

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs must file, on or before August 26, 2016, an amended complaint that adequately alleges the citizenship of the parties.

**SO ORDERED** this 11th day of August, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE